# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:18-CV-80126-ROSENBERG/REINHART

TAMARA FILIPPOVA,

 Plaintiff,

v.

ILIA MOGILEVSKY & NATALIA MOGILEVSKY,

 Defendants.

_____/

## ORDER GRANTING DEFENDANT ILIA MOGILEVSKY'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Ilia Mogilevsky's Motion to Dismiss [DE 37]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

This case arises out of a filing of a *lis pendens* on January 5, 2018. DE 35. The *lis pendens* was filed in connection with a divorce proceeding in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, entitled *Natalia Mogilevsky v. Ilia Mogilevsky*, No. 50:2017-DR-01059-XXXXNB. *Id.* Plaintiff has brought three counts against Defendant Ilia Mogilevsky, each of which is premised upon the *lis pendens*: Slander of Title (Count I), Fraudulent Misrepresentation (Count II), and Request for Declaratory Judgment (Count III).

Defendant argues that Florida's litigation privilege bars Count I and Count II.[1] Plaintiff admits, in her Complaint, that the *lis pendens* was filed in connection with the state court divorce proceeding cited above. The "Florida litigation privilege affords absolute immunity for acts

---

[1] Defendant may also argue that the litigation privilege bars Count III but, for the reasons discussed below, the Court need not address this argument. An affirmative defense may be raised in a motion to dismiss when the affirmative defense appears on the face of the complaint. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016).

occurring during the course of judicial proceedings. This privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004). The rationale behind the litigation privilege is that it should "free [participants in litigation] to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *R.H. Ciccone Props, Inc. v. JP Morgan Chase Bank, N.A.*, 141 So. 3d 590, 591 (Fla. Dist. Ct. App. 2014). Further, "Florida's litigation privilege applies to state-law claims adjudicated in federal court." *Jackson*, 372 F.3d at 1274-75. Florida's litigation privilege applies to slander of title cases. *E.g., Sailboat Key, Inc. v. Gardner*, 378 So. 2d 47 (Fla. Dist. Ct. App. 1980). Similarly, Florida's litigation privilege provides absolute immunity for claims of fraudulent misrepresentation occurring during the course of judicial proceedings. *E.g., Korman v. Gray*, No. 13-80031, 2013 WL 6002211, at *3 (S.D. Fla. Nov. 12, 2013).

In response to the law cited above, Plaintiff makes no argument of merit and instead primarily argues about the propriety of the *lis pendens*. Regardless of the propriety of the *lis pendens*, Plaintiff's own allegations confirm that it was filed in connection with a pending state court case. For all of the foregoing reasons, the Florida litigation privilege therefore applies. Plaintiff's Count I and Count II are both **DISMISSED WITH PREJUDICE**.

Turning to Plaintiff's request for a declaratory judgment, the *lis pendens*—which is attached to Plaintiff's First Amended Complaint—was clearly filed in connection with Florida state court case 50:2017-DR-010599-XXXXNB. DE 35 at 23. The state court case number appears on the notice. *Id.* The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "any court of the United States . . . may declare the rights and other legal relations of any

interested party seeking such declaration." "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Id.* at 286-87. A district court always has discretion whether to entertain an action for a declaratory judgment. *Cas. Indem. Exch. v. High Croft Enters, Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989). This discretion extends to parallel state court proceedings, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and courts in this district have declined to consider requests for declaratory relief in the context of pending divorce proceedings. *See Cormier v. Green*, 141 F. App'x 808 (11th Cir. 2005). Here, the Court exercises its discretion to decline to consider a request for a declaratory judgment that is entangled with state court divorce proceedings. The divorce case number appears on the *lis pendens*. If Plaintiff believes the *lis pendens* is improper, Plaintiff may pursue her remedies in state court. Accordingly, Plaintiff's Count III is **DISMISSED WITHOUT PREJUDICE**.

For all of the foregoing reasons, Defendant's Motion to Dismiss [DE 37] is **GRANTED**, Plaintiff's Count I and Count II are both **DISMISSED WITH PREJUDICE**, Plaintiff's Count III is **DISMISSED WITHOUT PREJUDICE**, Plaintiff's Motion to Dissolve Notice of Lis Pendens [DE 46] is **DENIED AS MOOT**, and Count IV shall proceed against Defendant Natalia Mogilevsky.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of May, 2018.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE